1/12/2017 10:44:04 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14705027
By: Bonisha Evans
Filed: 1/12/2017 10:44:04 AM

**2017-02367 / Court: 215**

CAUSE NO: _____

| | | |
|---|---|---|
| CAROLINA AVILOR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| SEYED NABVAVI AND | § | |
| WERNER ENTERPRISES, INC. | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Carolina Avilor, hereinafter sometimes referred to as "Plaintiff," complaining of Seyed Nabvavi and Werner Enterpises, Inc., hereinafter sometimes referred to as "Defendants," and for cause of action would show unto the Court as follows:

### I. Level

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190. Plaintiffs affirmatively pleads that it seeks only monetary relief in excess of $50,000, excluding costs, pre-judgment interest, and attorney's fees.

### II. Jurisdiction and Venue

Plaintiff, Carolina Avilor, is a resident of Harris County, Texas.

Defendant Seyed Nabvavi, an Individual who is a resident of California and a nonresident of Texas, engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party, as defined by Section 17.042 of the Texas Civil Practices and Remedies Code. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at 2110 E. 16th Street, Newport Beach,


EXHIBIT A

California 92663 or wherever he may be found. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

Defendant, Werner Enterprises, Inc., is an foreign entity doing business in the state of Texas. Defendant may be served with process through its registered agent, John Vidaurri, 8601 Peterbilt Ave., Dallas, Texas 75241, or wherever he may be located.

Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a) because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### III. Misnomer and Alter Ego

In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

### IV. Facts

On or about October 16, 2015, Plaintiff was the driver of a vehicle in the far right westbound lane of the East Freeway in Houston, Harris County, Texas. Defendant Seyed Nabvavi, acting within the course and scope of his employment with Defendant Werner Enterprises, Inc., was driving a large truck/trailer combo in the lane to the Plaintiff's immediate left. Defendant Nabvavi, suddenly and without warning, attempted to move into Plaintiff's lane, striking her on the driver's side of her vehicle. As a result of the aforementioned collision caused by the negligence of Defendants, Plaintiff sustained serious bodily injuries, as will be more fully described hereinafter.

### V. Negligence

The occurrence made the basis of this suit and the resulting injuries and damages were

Certified Document Number: 73402533 - Page 2 of 6

proximately caused by the negligence and gross negligence of Defendant Nabvavi, for a variety of acts and omissions, including:

1. Acting with a conscious indifference of the extreme degree of risk to others;
2. Operating said vehicle in a careless and reckless manner;
3. Failing to maintain a proper lookout;
4. Failing to keep said vehicle under reasonable and proper control;
5. Failing to pay full time and attention;
6. Failing to timely apply his brakes;
7. Failing to control speed;
8. Failing to keep an assumed clear distance; and
9. Failing to take proper evasive action.

In addition, Defendant Werner Enterprises, Inc., employer of Defendant Nabvavi, was negligent and grossly negligent by its:

1. Failure to hire qualified employees;
2. Failure to properly train its employees;
3. Failure to properly supervise its employees; and
4. Failure to rid its workforce of unsafe drivers.

Each and all of the above acts and/or omissions were negligent and each and all were a proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein. At the time of the collision made the basis of this lawsuit, Defendant Nabvavi was acting in the course and scope of his employment with Defendant Werner Enterprises, Inc. Accordingly, Defendant Werner Enterprises, Inc. is liable for such acts and omissions pursuant to the doctrine of *Respondeat Superior*.

3

## VI. Damages

As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past and future, impairment and disability in the past and future, lost wages in the past, and loss of earning capacity in the future. It is believed that Plaintiff will also suffer legally recoverable damages in the future. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as follows:

1. The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

2. The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial;

3. The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the occurrence in question up to the time of trial;

4. The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial; and

5. Plaintiff's loss of wages from the date of the occurrence in question up to the time of trial.

Certified Document Number: 73402533 - Page 4 of 6

Further, the following are elements of damages to be considered separately which Plaintiff will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause:

1. The physical pain that the Plaintiff will suffer in the future beyond the time of trial;

2. The mental anguish that the Plaintiff will suffer in the future beyond the time of trial;

3. The reasonable value of medical expenses that will necessarily be incurred in the treatment of the Plaintiff's injuries in the future beyond the time of trial;

4. The physical impairment which the Plaintiff will suffer in the future beyond the time of trial; and

5. Plaintiff's loss of earning capacity in the future beyond the time of trial.

Plaintiff seeks only monetary relief over $200,000 but no more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VII. Jury Demand

Plaintiff respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against the Defendants for her damages as they may appear at trial hereof, prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be entitled.

Certified Document Number: 73402533 - Page 5 of 6

Respectfully Submitted,

**KLITSAS & VERCHER, P.C.**

By: *Loren G. Klitsas*

Loren G. Klitsas
SBN: 00786025
~~Jared W. Capps~~
SBN: 24085236
550 Westcott, Suite 570
Houston, Texas 77007
Tel: (713) 862-1365
Fax: (713) 862-1465
Email: klitsas@kv-law.com
Email: capps@kv-law.com

**ATTORNEYS FOR THE PLAINTIFF**

Certified Document Number: 73402533 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 3, 2017


Certified Document Number:        73402533 Total Pages: 6


*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**